**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CAMERON BRYANT,
ADC #141579                                                                              PLAINTIFF

4:09-cv-00719-JMM-JTK

PAUL W. JACKSON, et al.                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the
hearing before the District Judge in the form of an offer of
proof,  and a copy,  or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No.

41).  Plaintiff filed a Response to the Motion (Doc. No. 49), together with a Motion for Appointment

of Counsel (Doc. No. 47).  This case is currently set for an Evidentiary Hearing on November 22,

2010 (Doc. No. 39).

Plaintiff is a state inmate incarcerated at the Delta Regional Unit of the Arkansas Department

of Correction (ADC).   He filed this action against Defendants pursuant to 42 U.S.C. § 1983,

alleging due process violations with respect to disciplinary charges he received in July, 2009 while

incarcerated at the Wrightsville Unit.   Defendant Lori Taylor is the Disciplinary Hearing Judge at

the Unit, and Defendant Kay Howell is the Warden of the Unit.   Defendants Jackson and Burton

were dismissed from this action by Order dated May 3, 2010 (Doc. No. 32).   Plaintiff asks for

monetary and injunctive relief from Defendants.  (Doc. No. 22).

According to Plaintiff's Original and Amended Complaints (Doc. Nos. 1, 7, 22) and excerpts

from his deposition testimony (Doc. No. 42-1), he received a major disciplinary charge on July 23, 2009 for his alleged involvement with a game of dice for profit. He received notice of the charges against him on July 24, 2009, but at the time of the hearing on the charges, Defendant Taylor told him to return to his barracks. He later received a second notice of charges, on July 28, 2009, which was based on the same facts as the first notice, but which contained an additional charge. Plaintiff appeared at the hearing on July 30, 2009 before Defendant Taylor, was convicted of one charge for participating in a game of chance for profit, and was sentenced to 15 days in punitive and reduced in class. Plaintiff appealed the disciplinary conviction to Defendant Howell, who affirmed the decision. Plaintiff claims Defendant Taylor was not permitted to add a charge to the original set of charges issued to him, and asks for damages together with expungement of the disciplinary conviction.

Having review the parties' briefs and evidence, the Court concludes Plaintiff's Complaint should be dismissed, for failure to exhaust his administrative remedies.

## II. Summary Judgment Motion

### A.     Defendants' Motion

In support of their motion, Defendants state Plaintiff's claims against them should be dismissed for failure to state a constitutional claim, for failure to exhaust his administrative remedies, and pursuant to sovereign and qualified immunity. With respect to the exhaustion issue, Defendants state the Prison Litigation Reform Act (PLRA) requires complete exhaustion of administrative remedies prior to filing suit. 42 U.S.C. § 1997e. Defendants further state Plaintiff did not exhaust his remedies with respect to the disciplinary conviction he received because he did not appeal his conviction through the final step of the ADC appeals process. Defendants cite to ADC Administrative Directive (AD) 08-87 which is the Inmate Disciplinary Manual. This AD

provides for a disciplinary appeals process which consists of an initial  appeal to the Warden/Center

Supervisor of the Unit, a second appeal to the Disciplinary Hearing Administrator, and a final appeal

to the ADC Director.  (AD 08-87.VII.H., Doc. No. 42-3).   Defendants also provide an affidavit of

Cyndi Vent, an Administrative Specialist in the Office of the ADC Director, who states the ADC

records show that Plaintiff did not appeal the disciplinary charge he received on July 23, 2009 to the

Director's Office, and therefore, did not exhaust the ADC administrative procedures.  (Doc. No. 42-

2).   Finally, Defendants cite Jones v. Bock, 549 U.S. 199, 218 (2007) and Johnson v. Jones, 340

F.3d 624, 627 (8th Cir. 2003), as requiring exhaustion prior to the filing of a lawsuit.

> **B.      Plaintiff's Response**

Plaintiff complains his conviction resulted in an "extended stay" at the ADC, and maintains

that once a disciplinary charge is written it should not be modified.  Plaintiff admits not appealing

his conviction to the final stage, stating once he received the response stating "it was denied I felt

that I should file a 1983 to receive some justice in this matter."  (Doc. No. 49, p. 2).

> **C.      Standard of Review**

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter

of law.  See  Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears

the  initial  burden  of  identifying  those  portions  of  the  pleadings,  depositions,  answers  to

interrogatories,  and  admissions  on  file,  together  with  the  affidavits,  if  any,  which  it  believes

demonstrate the absence of a genuine issue of material fact."  Webb v. Lawrence County, 144 F.3d

1131, 1134 (8th Cir. 1998).  "Once the moving party has met this burden, the non-moving party

cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set

forth specific facts showing that there is a genuine issue for trial."  Id. at 1135.  Although the facts

4

are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, according to the PLRA,

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, 532 U.S. 731, 741 (2001), the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  In addition, in Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), the Court held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" In Johnson v. Jones, supra, 340 F.3d at 627, the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory."  (Emphasis in original)  Finally, in Jones v. Bock, supra, 549 U.S. at 218, the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."

The Courts also have held that the exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they

allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).  In

Cantrell v. Via, No. 5:06-cv-00009-WRW-BD (E.D.Ark.), the Court held that an inmate's § 1983

retaliatory disciplinary claim should be dismissed for failure to exhaust, because he did not appeal

the hearing officer's determination on the disciplinary charge, or file a grievance based on the

alleged retaliation.

### D.    Analysis

The parties do not dispute that Plaintiff did not appeal his disciplinary conviction to the

highest level of the ADC disciplinary appeal process.  Therefore, the Court finds Plaintiff did not

fully exhaust his administrative remedies prior to filing this lawsuit, and pursuant to Johnson v.

Jones, supra, this action must be dismissed.  In light of this determination, the Court will not address

the Defendants' remaining arguments in support of dismissal of Plaintiff's Complaint.

## III.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendants' Motion for Summary Judgment (Doc. No. 41) be GRANTED, and

Plaintiff's Complaint against Defendants be DISMISSED without prejudice.

2.    Plaintiff's Motion for the Appointment of Counsel (Doc. No. 47) be DENIED as

moot.

IT IS SO ORDERED this 20th day of October, 2010.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE